Hitchcock, J.
The simple question which arises in this case is, whether in the trial of an action at law, the deposition of a witness, which was taken while the witness was disinterested, can be read in evidence, if at the time of trial he is interested in the result of. the suit. That under such circumstances, a deposition might be read on the hearing of a case in Chancery, I suppose there can be no doubt. The authorities are numerous to show that in Chancery, an interest cast upon the witness, subsequent to his giving his deposition, will not of necessity operate to exclude that deposition from the consideration of the Court. In the 168th § of the first volume of Greenleaf’s Evidence, the author says “If in cases of disqualifying interest, the witness has previously given a deposition in the cause, the deposition may be read in Chancery, as if he were since deceased, or insane, or otherwise incapacitated. It may also be read upon the trial at law, of an issue out of Chancery. In other trials at law, no express authority has been *51 found for reading the deposition; and it has been said that the course of practice is otherwise; but no reason is given, ° the analogies of the law are altogether in favor of the evidence.”
It was in consequence of this dictum that I advised the admission of the deposition excepted tp in the case now before the Court, and afterwards for the purpose of bringing the question before a full Court, united in the allowance of a writ of error. It is true as the learned author says, that no express authority had been found for reading the deposition under such circumstances, but numerous authorities are found establishing a contrary rule. Some of these authorities are cited in the argument of counsel for the plaintiff in error, and would seem to be conclusive upon the point; and there is, to say the least of it, some reason why a different rule should prevail. In trials at law, witnesses must, as a general rule, be examined in open Court. It is only under peculiar circumstances that depositions can be read. If Calvin C. Cooley had been within the jurisdiction of the Court, and offered as a witness, he must have been excluded on the ground of interest; and it would seem to be inconsistent to admit the deposition of a. witness, who could not, at the time the deposition is offered, be admitted to testify. The admission or rejection of the testimony would be made to depend, not upon the competency of the witness, but upon the fact whether he was or was not within the jurisdiction of the Court. Upon consderation the Court are of opinion that it is safer to rely upon the uniform authority of adjudicated cases, rather than upon the opinion of an elementary writer.
But it is urged by counsel for defendant in error, that the interest of the witness in this case is not such as to exclude him, because from ought that appears, the estate of the father may be insolvent, and it is urged that it was the duty of the objector to show that it was not insolvent. , We think otherwise. Upon the death of the father, his heirs acquire a direct interest in his estate. It is the same interest which he had in *52 his lifetime, although their claims must be postponed to those of creditors. In the prosecution of a suit, either in favor of or against the personal representatives, if any of the heirs are offered as witnesses, the law will presume them to be interested until the contrary appears.
The Judgment of the Supreme Court is reversed, and the cause remanded to the county of Hamilton for further proceedings.